JAMES RIENZO, SR., et al., Plaintiffs, *v.* CITY BANK FARMERS TRUST Co., et al., Defendants.

Supreme Court, Trial Term, New York County, June 26, 1944.

*B. Margolis* for plaintiffs.

*Stanley G. Horan* for defendants.

CHURCH, J. In this action under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) for alleged overtime and liquidated damages, tried without a jury, the parties waived the provisions of sections 439 and 440 of the Civil Practice Act.

The plaintiffs have the burden of proving that in the performance of their work as operators of passenger elevators in the

loft building for which they were employed by the defendants, they were engaged in interstate commerce or in the production of goods for interstate commerce during the period of asserted overtime employment and the amount of such asserted overtime. (*Warren-Bradshaw Co.* v. *Hall,* 317 U. S. 88; *Stoike* v. *First National Bank,* 290 N. Y. 195; *McLeod* v. *Threlkeld,* 319 U. S. 491.)

The plaintiffs established by the evidence that the tenants in the loft building owned and operated by the defendants were engaged in the production of goods for interstate commerce; that the plaintiffs operated passenger elevators which carried employees, customers, buyers, salesmen, visitors and parcel post and express packages of the tenants, and therefore the plaintiffs were under subdivision (j) of section 3 of the Act (U. S. Code. tit. 29, § 203, subd. [j]) deemed to have been engaged in the production of goods because such employees were engaged in a process or occupation necessary to the production of goods for commerce. Under section 6 of the Act an employer must pay prescribed minimum wages '' to each of his employees who is engaged in commerce or in the production of goods for commerce '' and under section 7 overtime compensation must be given '' any of his employees who is engaged in commerce or in the production of goods for commerce '' (U. S. Code, tit. 29, §§ 206, 207). The employees engaged in the operation of a loft building in which large quantities of goods for interstate commerce are produced, there being no requirement in the Act that employees must themselves participate in the physical process of the making of the goods before they can be regarded as engaged in their production, are so engaged in production, and to the extent that the employees are engaged in commerce or in the production of goods for commerce the employer is himself so engaged. (*Kirschbaum Co.* v. *Walling,* 316 U. S. 517.)

Judgment is directed against the defendants in favor of James Rienzo, Sr., in the sum of $797.29 for overtime and $797.29 for statutory liquidated damages and he is allowed his counsel fees in the sum of $325; in favor of James Rienzo, Jr., in the sum of $705.63 for overtime and $705.63 for statutory liquidated damages and counsel fees in the sum of $290; and in favor of Donald Ferguson for the sum of $83.25 for overtime and $83.25 for statutory liquidated damages and his counsel fees in the sum of $25; each with costs and disbursements.*

* By stipulation of counsel the judgment entered under the foregoing decision was modified by reduction of the judgment in favor of James Rienzo, Sr., to $1,185.70, in favor of James Rienzo, Jr., to $926.06 and Donald Ferguson to $188.24, each sum in the aggregate being inclusive of costs, disbursements and counsel fees without specifying the reduction separately as to each item.